IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 14-cr-20014-RAR/BECERRA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY ALLEN BLUE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This Matter comes before the Court on the Defendant Gregory Allen Blue's Motion for Halfway House Placement (hereinafter "Motion"). ECF No. [341]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a Report and Recommendation. ECF No. [344]. Having reviewed the applicable filings and the law, the undersigned respectfully **RECOMMENDS** that Defendant's Motion, ECF No. [341], be **DENIED AS MOOT**.

**I.    BACKGROUND**

On February 25, 2019, Defendant filed the initial motion (the "Initial Motion") "request[ing] that [his] halfway house be designated to Dimas House Charities in the Dania Florida area." ECF No. [324]. On April 26, 2019, Magistrate Judge O'Sullivan issued a Report and Recommendation granting in part Defendant's Initial Motion. ECF No. [331]. Magistrate Judge O'Sullivan recommended that the Court issue a recommendation to the Bureau of Prisons that Defendant be designated to the Dimas House Charities in Dania, Florida. *Id.* Thereafter, District Judge William J. Zloch issued an Order adopting Judge O'Sullivan's Report and Recommendation, and

1

recommending that the United States Bureau of Prisons designate Defendant to the Dimas House Charities in Dania, Florida.  ECF No. [335].

## II.     THE INSTANT MOTION

On September 9, 2020, Defendant filed the instant Motion requesting, for a second time, that he be designated to the Dimas House Charities in Dania, Florida. ECF No. [341]. Specifically, Defendant contends that he was "designated to Riverside Christian Ministries in Miami, Florida, exactly where Defendant's safety is in danger." *Id.*

On October 22, 2020, the Government responded (the "Response"), that the Court's previous Order had been and complied with and that the Motion should be denied as moot. ECF No. [346].   Specifically, the Government represented that Defendant's Bureau of Prison's case manager had confirmed that the halfway house placement comported with Defendant's request and the Court's previous Order.

Based on the Government's representations, the instant Motion is moot as the designation that is requested has already been made.  As such, the undersigned **RECOMMENDS** that the Motion be **DENIED** on those grounds.

## III.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28

U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

    **DONE** and **ORDERED** this 28th day of December 2020.

                                                                  _____
                                                                  JACQUELINE BECERRA
                                                                  UNITED STATES MAGISTRATE JUDGE